IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RUBY HANDLER-JACOBS,[1] | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:19-CV-484-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Ruby Handler-Jacobs ("Handler-Jacobs"), a federal prisoner confined in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell), against Jody R. Upton, Warden of FMC-Carswell, Respondent. (ECF No. 1.) After considering the pleading and relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed.

**I. BACKGROUND**

Petitioner Handler-Jacobs is serving a 24-month term of imprisonment for her 2018 conviction in the United States District Court for the Southern District of New York for conspiracy to impersonate an officer or employee of the United States in violation of 18 U.S.C. 371. Pet. 3, ECF No. 1; J., *United States v. Handler-Jacobs*, No. 16-cr-800-3 (PGG), ECF No. 236.[2] In this § 2241 petition, she claims that she is being held past the date of release under the "First Step Act Elderly 60 Plus Pilot Program." She recites the following:

---

[1] Petitioner's last name is listed in her judgment of conviction as "Handler-Jacobs." *See* text *infra.* Thus, the Clerk of Court is directed to list Petitioner's name in this manner on the docket of this case.

[2] The Court takes judicial notice of the docket and records of this underlying criminal case. *See* FED. R. EVID. 201(b)(2) and (c)(1).

> [T]his program would have released me to Home Confinement on April 25, 2019 if not for the mis-management of my case handled at FMC-Carswell. I applied for release in March of 2019 for this program, I am attaching documents that [I] used to file. I am also attaching the documents showing that the unit manager applied for 10% Home Confinement. I have been held 7 weeks past the time that I should have been released, I am seeking damages for the days past the time that I should have been released.

Pet. 5, ECF No. 1. Handler-Jacobs requests the following relief:

> I am seeking damages for the time I am spending incarcerated when I could have been released under this Elderly 60 plus program. I am seeking damages in the amount of 10,000 for every week that I am still incarcerated past April 25, 2019.

*Id.* at 7.

## II. DISCUSSION

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[3] Therefore, no service has issued upon Respondent.

Handler-Jacobs's seeks only monetary damages in her petition. A claim for monetary damages, however, is not cognizable on habeas review. Instead, an inmate seeking monetary damages for perceived violations of her constitutional rights must file an action under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), on the appropriate civil complaint form against the responsible officials. Habeas relief is not available to review questions unrelated to the fact or duration of one's incarceration that would result in an earlier release. *Preiser v. Rodruguez*, 411 U.S.

---

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

2

475, 484 (1973).

## III. CONCLUSION and ORDER

For the reasons discussed herein, Handler-Jacobs's § 2241 petition seeking only monetary damages is **DISMISSED** for lack of jurisdiction.[4]

**SO ORDERED** on this **26th day** of **June, 2019**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[4] This dismissal does not bar Handler-Jacobs from seeking habeas-corpus relief against the manner of execution of her sentence.